UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. PANKAJ MERCHIA, | |
| Plaintiff, | 24-CV-7454 (LTS) |
| -against- | TRANSFER ORDER |
| PASCACK VA GROUP, LCC, et al., | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Boca Raton, Florida, brings this *pro se* action invoking the

Court's federal question jurisdiction under 28 U.S.C. § 1331. The action concerns the sale of a

property located in Worcester, Massachusetts. Plaintiff names 12 Defendants and indicates that

Defendants reside in, or are citizens of, New York, Massachusetts, and California. Specifically,

he alleges the following: (1) the Pascack VA Group, LCC resides in New York; (2) Berel Krug

and Harrison Klein are citizens of New York, although Klein may reside in Massachusetts;

(3) the Klein Group and Lamb & Associates are citizens of Massachusetts; (4) Mark Lyman,

Luigi Lessa, Martin Lamb, Asher Gulko, Gershon Gulko, and Thomas Shihadeh are all citizens

of Massachusetts; and (5) Hessamp Nadji is a citizen of California.

For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the

United States District Court for the District of Massachusetts.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings this action regarding a real estate purchase in Worcester, Massachusetts, where Plaintiff and Defendants have engaged in litigation in the Massachusetts state courts. (*See* ECF 1, at 18.) As noted above, Plaintiff names residents of New York, Massachusetts, and California. This judicial district is therefore not a proper venue for this action under Section 1391(b)(1). This district is also not a proper venue under Section 1391(b)(2) because (1) the subject property is located in Massachusetts and (2) Plaintiff corresponded with the majority of the Defendants at their offices located in Boston, Massachusetts. From the face of the complaint, it is therefore clear that venue is not proper in this Court under Section 1391(b)(1), (2).[1]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The subject property is located in Worcester, Massachusetts, and Plaintiff corresponded with the majority of the Defendants at their Boston officers. Accordingly, venue lies in the District of Massachusetts, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of Massachusetts, 28 U.S.C. § 1406(a).

---

[1] On October 20, 2023, Plaintiff filed a similar action in the District of Massachusetts. *See Merchia v. Klein*, No. 23-CV-12365 (D. Mass. Nov. 14, 2023). The District of Massachusetts dismissed the action because Plaintiff did not pay the fees or request that they be waived. Plaintiff also did not pay the fees for this action or ask that the fees be waived.

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Massachusetts. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 15, 2024
          New York, New York

/s/ Laura Taylor Swain
_____
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] As noted above, Plaintiff has not paid the fees or asked that they be waived.